UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER REGULES and
DANA HOPE REGULES,

       Debtors.
_____/

PREM DHAWAN,
Trustee in Bankruptcy,

       Plaintiff,

      v.

MIGUEL V. REGULES and
MARTHA ELVIA REGULES,

       Defendants.
_____/

NO. CIV. S-08-985 LKK/GGH

**PRETRIAL CONFERENCE ORDER**
**[TENTATIVE]**

    Pursuant to court order, a Pretrial Conference was held in the courtroom on February 9, 2009.   Gregory Hughes and Christopher Hughes appeared as counsel for plaintiff; Miguel Regules and Martha Elvia Regules appeared as pro se defendants.   After hearing, the court makes the following findings and orders:

## I.   JURISDICTION/VENUE

    Jurisdiction is predicated upon 28 U.S.C. § 1334(a).   Venue is predicated upon 28 U.S.C. § 1409.   The court determines that

1

1  both jurisdiction and venue are appropriate.

2  **II.   JURY/NON-JURY**

3  The defendants have requested a jury trial and the matter will

4  be tried to a jury.

5  **III.   UNDISPUTED FACTS**

6  a.    In January 2004, Christopher Regules and Dana Regules

7  ("Debtors") began to fall behind on their primary mortgage payments

8  for their principal residence located at 790 El Encino Way,

9  Sacramento, CA (the "Sacramento residence").

10  b.    In addition to the mortgage on the Sacramento residence,

11  there was also a Small Business Administration loan secured by the

12  Sacramento residence as well as an IRS lien on that property.

13  c.    The Debtors determined their best option was to sell the

14  Sacramento residence to pay off their debts.

15  d.    Defendant Miguel Regules became aware of the Debtors

16  plans to sell the Sacramento residence, and as an investor in real

17  estate he thought this would be a good investment for him, while

18  at the same time allowing the Debtors, his son and daughter-in-law,

19  to remain in the property as a tenant.

20  e.    The primary mortgage holder filed a Notice of Default in

21  March 2004.

22  f.    An agreement was reached with Defendants to sell them

23  the Sacramento residence for a purchase price of $401,784.

24  g.    The sale of the Sacramento property was made to the

25  Defendants in May 2004.

26  h.    The closing statement for the sale of the Sacramento

1    residence shows that the IRS was paid $54,805.47 from the sale

2    proceeds.   This represented all remaining sale proceeds after

3    payment of the primary mortgage, the Small Business Administration

4    loan, delinquent property taxes, delinquent utility charges, and

5    closing costs.

6       i.   Debtors continued to live in the Sacramento residence

7    under the terms of a rental/lease agreement after it was sold to

8    the Defendants.

9       j.   Between April 16, 2004 and April 20, 2004, Debtor Dana

10   Regules received an inheritance check in the amount of $131,509.05

11   ("Inheritance Check").

12      k.   Debtor Dana Regules called Defendant Miguel Regules and

13   asked if he could take and deposit the check.   The purpose and

14   nature of the agreement is in dispute.

15      l.   On April 21, 2004, Debtor Dana Regules drove to Monterey

16   Rabo Bank in Monterey, California and met Defendant Miguel Regules.

17      m.   Defendant Miguel Regules took the check.

18      n.   On or about November 24, 2004, Debtors utilized the

19   remainder of the Inheritance Funds to purchase a new principal

20   residence located at 7207 West Lane, Granite bay, CA (the "Granite

21   Bay residence").   At the time of the purchase, it was placed in the

22   name of Miguel V. Regules and Martha Elvia Regules.   The

23   circumstances and reason for that conduct are in dispute.

24      o.   Defendant Miguel Regules agreed to finance the remainder

25   of the purchase price of the Granite Bay residence for Debtors.

26      p.   When Defendant Miguel Regules financed the remainder of

1   the purchase price of the Granite Bay residence, he financed it

2   with two loans which he obtained from Indy-Mac Bank.  An agreement

3   of sale between the debtors and Miguel V. Regules and Martha Elvia

4   Regules was established by means of a contract of sale which was

5   entered into several months after the purchase of the property.

6       q.   Debtors moved into the Granite Bay residence immediately

7   after the purchase was completed in December 2004, where they still

8   reside today.

9       r.   On October 14, 2005, approximately one year and five

10   months after the sale of the Sacramento residence, debtors filed

11   a voluntary Petition for relief under Chapter 7 of Title 11, United

12   States Code.

13              **IV.   <u>DISPUTED FACTUAL ISSUES</u>**

14       a.   What the circumstances and agreements were, if any,

15   relative to the delivery of the inheritance check to Miguel V.

16   Regules.

17       b.   Whether or not the transfer was a transfer made with an

18   intent to hinder, delay, or defraud creditors.

19       c.   Plaintiffs contend that the following factors support

20   the existence of the intent to hinder delay and defraud  creditors:

21          i)   Whether Miguel V. Regules is an insider to Dana

22               Regules.

23          ii)  Whether Dana Regules retained control over the

24               transferred funds after delivering them to Miguel

25               Regules.

26          iii) Whether the transfer of the Inheritance Check to

4

1       Miguel Regules was concealed.

2           iv)   In   March,   2005,   Dana   Regules'   house   was   in

3                 foreclosure,   because   she   and   her   husband   had

4                 defaulted   on   the   payments   due   on   their   home   loan.

5                 In   addition,   in   April,   2004,   Christopher   Regules'

6                 business,   MPSI,   was   nearing   its   demise   and

7                 liability   on   the   part   of   Dana   Regules   on   her

8                 guaranty.

9       d.    Whether the transfer of $131,509.05 to Miguel Regules

10  constituted substantially all of Dana Regules' assets, excluding

11  assets which were encumbered or exempt from execution by creditors.

12      e.    Whether Dana Regules' transfer of $131,509.05 to Miguel

13  Regules was an attempt to conceal her receipt of the Inheritance

14  Check from her creditors.

15      f.    Whether Dana Regules received anything in exchange for

16  the Inheritance Check.

17      g.    Whether Dana Regules was insolvent when she transferred

18  the Inheritance Check to Miguel Regules.

19      h.    The delivery of the Inheritance Check to Miguel Regules

20  occurred less than two months after the IRS recorded a Notice of

21  Federal Tax Lien against the Sacramento Residence, and less than

22  two months before the demise of MPSI, an event which triggered

23  liability on Dana Regules' $1 million guaranty.

24  ////

25  ////

26  ////

5

1  **V.   NON-DISCOVERY MOTIONS TO THE COURT AND RESOLUTION**

2      On June 3, 2008, defendants' motion to withdraw reference

3  to a bankruptcy judge was granted, because plaintiff's claim for

4  fraudulent transfer gives defendants a right to a jury trial.

5      On November 5, 2008, the court granted defendants'

6  counsel's request to withdraw.

7                  **VI.   DISPUTED EVIDENTIARY ISSUES**

8      None.

9                  **VII.   SPECIAL FACTUAL INFORMATION**

10      None.

11                  **VIII.   RELIEF SOUGHT**

12      Plaintiff seeks a judgment for $131,509.05, plus interest.

13  Defendants seeks judgment in their favor.

14                  **IX.   POINTS OF LAW**

15      (a)   The elements, standards, and burdens of proof of a

16  claim to avoid a transfer as an intentional fraudulent transfer

17  under California Civil Code § 3439.04.

18      (b)   The elements, standards, and burdens of proof of a

19  claim for a monetary judgment, with prejudgment interest, based

20  on avoidance of a transfer.

21      ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY

22  ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME

23  IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

24                  **X.   ABANDONED ISSUES**

25      Plaintiff had originally alleged ten claims.  All but the

26  Fifth and Tenth claims, for avoidance of intentional fraudulent

1  transfer and for entitlement to monetary judgment with

2  prejudgment interest, respectively, are abandoned.

3                    **XI.   WITNESSES**

4      Plaintiff anticipates calling the following witnesses:

5      <u>See</u> attachment "A".

6      Defendant anticipates calling the following witnesses:

7      <u>See</u> attachment "B".

8      Each party may call a witness designated by the other.

9      A.    No other witnesses will be permitted to testify

10 unless:

11          (1)   The party offering the witness demonstrates that

12 the witness is for the purpose of rebutting evidence which could

13 not be reasonably anticipated at the Pretrial Conference, or

14          (2)   The witness was discovered after the Pretrial

15 Conference and the proffering party makes the showing required

16 in "B" below.

17     B.    Upon the post-Pretrial discovery of witnesses, the

18 attorney shall promptly inform the court and opposing parties of

19 the existence of the unlisted witnesses so that the court may

20 consider at trial whether the witnesses shall be permitted to

21 testify.   The evidence will not be permitted unless:

22          (1)   The witnesses could not reasonably have been

23 discovered prior to Pretrial;

24          (2)   The court and opposing counsel were promptly

25 notified upon discovery of the witnesses;

26 ////

                              7

1         (3)  If time permitted, counsel proffered the

2 witnesses for deposition;

3         (4)  If time did not permit, a reasonable summary of

4 the witnesses' testimony was provided opposing counsel.

5              **XII.**  **EXHIBITS, SCHEDULES AND SUMMARIES**

6    At present, plaintiff contemplates the following by way of

7 exhibits:  <u>See</u> attachment "C".

8    Defendants list no separate exhibits.

9    A.   No other exhibits will be permitted to be introduced

10 unless:

11         (1)  The party proffering the exhibit demonstrates

12 that the exhibit is for the purpose of rebutting evidence which

13 could not be reasonably anticipated at the Pretrial Conference,

14 or

15         (2)  The exhibit was discovered after the Pretrial

16 Conference and the proffering party makes the showing required

17 in paragraph "B," below.

18    B.   Upon the post-Pretrial discovery of exhibits, the

19 attorneys shall promptly inform the court and opposing counsel

20 of the existence of such exhibits so that the court may consider

21 at trial their admissibility.  The exhibits will not be received

22 unless the proffering party demonstrates:

23         (1)  The exhibits could not reasonably have been

24 discovered prior to Pretrial;

25         (2)  The court and counsel were promptly informed of

26 their existence;

1          (3)   Counsel forwarded a copy of the exhibit(s) (if

2  physically possible) to opposing counsel.  If the exhibit(s) may

3  not be copied, the proffering counsel must show that he has made

4  the exhibit(s) reasonably available for inspection by opposing

5  counsel.

6          As to each exhibit, each party is ordered to exchange

7  copies of the exhibit not later than fifteen (15) days from the

8  date of this Pretrial Order.  Each party is then granted ten

9  (10) days to file with the court and serve on opposing counsel

10  any objections to said exhibits.  In making said objections, the

11  party is to set forth the grounds for the objection.  As to each

12  exhibit which is not objected to, it shall be marked and

13  received into evidence and will require no further foundation.

14  Each exhibit which is objected to will be marked for

15  identification only.

16          In addition to electronically filing said objections, if

17  any, the objections must be submitted by email, as an attachment

18  in Word or WordPerfect format, to: arivas@caed.uscourts.gov.

19          The attorney for each party is directed to appear before

20  and present an original and one (1) copy of said exhibit to Ana

21  Rivas, Deputy Courtroom Clerk, not later than 10:30 a.m. on the

22  date set for trial.  All exhibits shall be submitted to the

23  court in binders.  Plaintiff's exhibits shall be listed

24  numerically.  Defendant's exhibits shall be listed

25  alphabetically.  The parties shall use the standard exhibit

26  ////

1 | stickers provided by the court:  pink for plaintiff and blue for
2 | defendant.

### XIII.   DISCOVERY DOCUMENTS

4 | Plaintiff does not anticipate offering any discovery
5 | documents in its case-in-chief.

6 | Defendants do not anticipate offering any discovery
7 | documents in their case-in-chief.

### XIV.   FURTHER DISCOVERY OR MOTIONS

9 | None.

### XV.   STIPULATIONS

11 | None.

### XVI.   AMENDMENTS/DISMISSALS

13 | None.

### XVII.   FURTHER TRIAL PREPARATION

15 | A.   Counsel are directed to Local Rule 16-285 regarding
16 | the contents of and the time for filing trial briefs.

17 | B.   Counsel are informed that the court has prepared a set
18 | of standard jury instructions.  In general, they cover all
19 | aspects of the trial except those relating to the specific
20 | claims of the complaint.  Accordingly, counsel need not prepare
21 | instructions concerning matters within the scope of the prepared
22 | instructions.  A copy of the prepared instructions is given to
23 | the parties at the Pretrial Conference.

24 | B.   For all cases tried to the court, counsel are ordered
25 | to file and serve Proposed Findings of Fact and Conclusions of
26 | ////

1   Law not later than ten (10) days prior to the first date of
2   trial.

3       C.    Counsel are further directed that their specific jury
4   instructions shall be filed fourteèn (14) calendar days prior to
5   the date of trial.   As to any instructions counsel desires to
6   offer, they shall be prepared in accordance with Local Rule 51-
7   163(b)(1) which provides:

8       "Two copies of the instructions shall be submitted.
9       One copy shall be electronically filed as a .pdf
10      document and shall contain each instruction on a
11      separate page, numbered and identified as to the party
12      presenting it. Each instruction shall cite the
13      decision, statute, ordinance, regulation or other
14      authority supporting the proposition stated in the
15      instruction."

16       The second copy ("jury copy") shall be submitted by e-mail
17   to lkkorders@caed.uscourts.gov.

18     **In addition, counsel shall provide copies of proposed forms**
19   **of verdict, including special verdict forms, at the time the**
20   **proposed jury instructions are filed with the court.**

21       D.    It is the duty of counsel to ensure that any
22   deposition which is to be used at trial has been filed with the
23   Clerk of the Court.   Counsel are cautioned that a failure to
24   discharge this duty may result in the court precluding use of
25   the deposition or imposition of such other sanctions as the
26   court deems appropriate.

1          E.    The parties are ordered to file with the court and
2     exchange between themselves not later than one (1) week before
3     the trial a statement designating portions of depositions
4     intended to be offered or read into evidence (except for
5     portions to be used only for impeachment or rebuttal).

6          F.    The parties are ordered to file with the court and
7     exchange between themselves not later than one (1) week before
8     trial the portions of answers to interrogatories which the
9     respective parties intend to offer or read into evidence at the
10    trial (except portions to be used only for impeachment or
11    rebuttal).

12         G.    The court has extensive audiovisual equipment
13    available.   Any counsel contemplating its use shall contact the
14    court's Telecommunications Manager, Andre Carrier, at (916) 930-
15    4223, at least two weeks in advance of trial to receive the
16    appropriate training.

17                    **XVIII.   SETTLEMENT NEGOTIATIONS**

18         A Settlement Conference is **SET** before the Honorable
19    Morrison C. England, Jr. United States District Judge, on March
20    6, 2009 at 9:00 a.m.   Counsel are directed to submit settlement
21    conference statements to the settlement judge **not later than**
22    **fourteen (14) days prior to the conference.**   At counsel's
23    option, such statements may be submitted in confidence pursuant
24    to Local Rule 16-270(d).

25         Each party is directed to have a principal capable of
26    disposition at the Settlement Conference or to be fully

                                    12

1  authorized to settle the matter on any terms and at the

2  Settlement Conference.

### XIX.  AGREED STATEMENTS

None.

### XX.  SEPARATE TRIAL OF ISSUES

None.

### XXI.  IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

### XXII.  ATTORNEYS' FEES

None.

### XXIII.  MISCELLANEOUS

None.

### XXIV.  ESTIMATE OF TRIAL TIME/TRIAL DATE

Trial by jury is **SET** for April 14, 2009, at 10:30 a.m.; in Courtroom No. 4.  The parties represent in good faith that the trial will take approximately five (5) days.

Counsel are to call Ana Rivas, Courtroom Deputy, at (916) 930-4133, one week prior to trial to ascertain status of trial date.

### XXV.  OBJECTIONS TO PRETRIAL ORDER

Each party is granted fifteen (15) days from the effective date of this Pretrial Order [Tentative] to object to or augment same.  Each party is also granted five (5) days thereafter to respond to the other party's objections.  If no objections or additions are made, the Tentative Pretrial Order will become final without further order of the court.

1    The parties are reminded that pursuant to Federal Rule of

2  Civil Procedure 16(e), this order shall control the subsequent

3  course of this action and shall be modified only to prevent

4  manifest injustice.

5                          **XXVI.   OTHER**

6    All time limits and dates that refer to the Pretrial Order

7  refer to the date this Pretrial Order [Tentative] is filed and

8  not the date an amended order, if any, is filed.

9    IT IS SO ORDERED.

10    DATED: February 12, 2009.

11

12

13

14                          LAWRENCE K. KARLTON
                            SENIOR JUDGE
15                          UNITED STATES DISTRICT COURT

16

17

18

19

20

21

22

23

24

25

26

                            14

1    <u>Plaintiff's Witnesses.</u>

2

3    Prem Dhawan
     P.O. Box 965
4    Benecia, CA 94510

5    Miguel Regules
     1055 Johnson St.
6    Monterey, CA

7    Martha Elvia Regules
     1055 Johnson St.
8    Monterey, CA

9    Dana Regules
     7207 West Lane
10   Granite Bay, CA 95746

11   Christopher Regules
     7207 West Lane
12   Granite Bay, CA 95746

13   W. Austin Cooper
     2151 River Plaza Dr., Ste. 195
14   Sacramento, CA 95833

15   C. Duff or other representative of the IRS
     address unknown
16
     Representative of CIT Small Business Lending Corp.
17   address unknown

18   Julie Richards
     address unknown
19

20

21

22

23

24

25

26

27

28

*ATTACHMENT "A"*

9

Defendants Witnesses:

Prem Dhawan
P. O. Box 965
Benecia, CA 94510

Miguel Regules
1055 Johnson St.
Monterey, CA 93940

Martha Elvia Regules
1055 Johnson St.
Monterey, CA 93940

Dana Regules
7207 West Lane
Granite Bay, CA 95746

Christopher Regules
7207 West Lane
Granite Bay, CA 95746

W. Austin Cooper
2151 River Plaza Dr., Suite 195
Sacramento, CA 95833

C. Duff or other representative of the IRS (address unknown)

Representative of CIT Small Business Lending Corp. (address unknown)

Julie Richards (address unknown)

*ATTACHMENT "B"*

<u>Plaintiff's Exhibits – Schedules and Summaries.</u>

1.  Check for $131,509.05, payable to Dana Regules (April 15, 2004)

2.  Deposit Receipt for $131,509.05 check (April 21, 2004)

3.  Passbook for Account No. 72010192 (April 21, 2004)

4.  Account statements for Account No. 72010192 (April 20, 2004-January 26, 2005)

5.  IRS liens against Christopher Regules (sometimes also against Dana Regules) recorded in Sacramento County

6.  IRS liens against Christopher Regules (sometimes also against Dana Regules) recorded in Placer County

7.  State of California liens against Christopher Regules (sometimes also against Dana Regules) recorded in Sacramento County

8.  Notice of Default and Election to Sell under Deed of Trust, recorded March 11, 2004

9.  Rescission of Notice of Default, recorded March 22, 2004

10.  Seller's closing statement (estimated) for 790 El Encino Way, Sacramento, CA

11.  Grant deed for 790 El Encino Way, Sacramento, CA, Christopher and Dana Regules to Miguel Regules (recorded May 5, 2004)

12.  Grant Deed for purchase of 7207 West Lane, Granite Bay, CA by Miguel and Martha Regules (recorded November 24, 2004)

13.  Closing Statement for purchase of 7207 West Lane, Granite Bay, CA by Miguel and Martha Regules

14.  First Deed of Trust against 7207 West Lane, Granite Bay, CA by Miguel and Martha Regules

15.  Second Deed of Trust against 7207 West Lane, Granite Bay, CA by Miguel and Martha Regules

16.  Bankruptcy petition (Case No. 05-39657-C-7)(filed October 14, 2005)

17.  Bankruptcy Schedules (Case No. 05-39657-C-7) (filed October 31, 2005)

18.  Guaranty of Dana Regules of the obligations of MPSI to CIT

10

*ATTACHMENT "C"*

1    19.    CIT proof of claim ($535,125.22)

2    20.    IRS proof of claim ($203,872.17)

3    21.    Letter from Christopher Regules, dated December 5, 2005

4    22.    Checking account statements, Christopher and Dana Regules (May 18-June 16, 2005; July

5           20-August 16, 2005; August 17-September 19, 2005; October 20, 2005-November 17, 2005).

6    23.    Checking account statement, Regules Chiropractic (April-October 2005).

7    24.    2004 tax return (Christopher and Dana Regules)

8    25.    2004 tax return (Regules Enterprises)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28