UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER REGULES and
DANA HOPE REGULES,

    Debtors.
_____/
PREM DHAWAN,
Trustee in Bankruptcy,

    Plaintiff,

    v.

MIGUEL V. REGULES and
MARTHA ELVIA REGULES,

    Defendants.
_____/

NO. CIV. S-08-985 LKK/GGH

**PRETRIAL CONFERENCE ORDER**
**[FINAL]**

Pursuant to court order, a Pretrial Conference was held in the courtroom on February 9, 2009. Gregory Hughes and Christopher Hughes appeared as counsel for plaintiff; Miguel Regules and Martha Elvia Regules appeared as pro se defendants. After consideration of the parties' objections and requests for augmentation, the court makes the following ORDERS:

### I.    **JURISDICTION/VENUE**

Jurisdiction is predicated upon 28 U.S.C. § 1334(a). Venue

is predicated upon 28 U.S.C. § 1409. The court determines that both jurisdiction and venue are appropriate.

## II. JURY/NON-JURY

The defendants have requested a jury trial and the matter will be tried to a jury.

## III. UNDISPUTED FACTS

a. In January 2004, Christopher Regules and Dana Regules ("Debtors") began to fall behind on their primary mortgage payments for their principal residence located at 790 El Encino Way, Sacramento, CA (the "Sacramento residence").

b. In addition to the mortgage on the Sacramento residence, there was also a Small Business Administration loan secured by the Sacramento residence as well as an IRS lien on that property.

c. The Debtors determined their best option was to sell the Sacramento residence to pay off their debts.

d. Defendant Miguel Regules became aware of the Debtors plans to sell the Sacramento residence, and as an investor in real estate he thought this would be a good investment for him, while at the same time allowing the Debtors, his son and daughter-in-law, to remain in the property as a tenant.

e. The primary mortgage holder filed a Notice of Default in March 2004.

f. An agreement was reached with Defendants to sell them the Sacramento residence for a purchase price of $401,784.

g. The sale of the Sacramento property was made to the Defendants in May 2004.

1　　　h.　The closing statement for the sale of the Sacramento
2　residence shows that the IRS was paid $54,805.47 from the sale
3　proceeds.　This represented all remaining sale proceeds after
4　payment of the primary mortgage, the Small Business Administration
5　loan, delinquent property taxes, delinquent utility charges, and
6　closing costs.
7　　　i.　Debtors continued to live in the Sacramento residence
8　under the terms of a rental/lease agreement after it was sold to
9　the Defendants.
10　　　j.　Between April 16, 2004 and April 20, 2004, Debtor Dana
11　Regules received an inheritance check in the amount of $131,509.05
12　("Inheritance Check").
13　　　k.　Debtor Dana Regules called Defendant Miguel Regules and
14　asked if he could take and deposit the check.　The purpose and
15　nature of the agreement is in dispute.
16　　　l.　On April 21, 2004, Debtor Dana Regules drove to Monterey
17　Rabo Bank in Monterey, California and met Defendant Miguel Regules.
18　　　m.　Defendant Miguel Regules took the check.
19　　　n.　On or about November 24, 2004, a portion of the
20　Inheritance Funds was utilized as the down payment for the purchase
21　of a new principal residence located at 7207 W. Lane, Granite Bay,
22　CA (the "Granite Bay residence").　At the time of the purchase, it
23　was placed in the name of Miguel V. Regules and Martha Elvia
24　Regules.　The circumstances and reason for that conduct are in
25　dispute.
26　　　o.　Defendant Miguel Regules agreed to finance the remainder

of the purchase price of the Granite Bay residence for Debtors.

    p.    When Defendant Miguel Regules financed the remainder of the purchase price of the Granite Bay residence, he financed it with two loans which he obtained from Indy-Mac Bank. An agreement of sale between the debtors and Miguel V. Regules and Martha Elvia Regules was established by means of a contract of sale which was entered into several months after the purchase of the property.

    q.    Debtors moved into the Granite Bay residence immediately after the purchase was completed in December 2004, where they still reside today.

    r.    On October 14, 2005, approximately one year and five months after the sale of the Sacramento residence, debtors filed a voluntary Petition for relief under Chapter 7 of Title 11, United States Code.

### IV. DISPUTED FACTUAL ISSUES

    a.    What the circumstances and agreements were, if any, relative to the delivery of the inheritance check to Miguel V. Regules.

    b.    Whether or not the transfer was a transfer made with an intent to hinder, delay, or defraud creditors.

    c.    Plaintiffs contend that the following factors support the existence of the intent to hinder delay and defraud creditors:

        i)    Whether Miguel V. Regules is an insider to Dana Regules.

        ii)    Whether Dana Regules retained control over the transferred funds after delivering them to Miguel

4

        Regules.

  iii) Whether the transfer of the Inheritance Check to Miguel Regules was concealed.

  iv) In March, 2004, Dana Regules' house was in foreclosure, because she and her husband had defaulted on the payments due on their home loan. In addition, in April, 2004, Christopher Regules' business, MPSI, was nearing its demise and liability on the part of Dana Regules on her guaranty.

  v) Whether the transfer of $131,509.05 to Miguel Regules constituted substantially all of Dana Regules' assets, excluding assets which were encumbered or exempt from execution by creditors.

  vi) Whether Dana Regules' transfer of $131,509.05 to Miguel Regules was an attempt to conceal her receipt of the Inheritance Check from her creditors.

  vii) Whether Dana Regules received anything in exchange for the Inheritance Check.

  viii) Whether Dana Regules was insolvent when she transferred the Inheritance Check to Miguel Regules.

  ix) The delivery of the Inheritance Check to Miguel Regules occurred less than two months after the IRS recorded a Notice of Federal Tax Lien against the

Sacramento Residence, and less than two months before the demise of MPSI, an event which triggered liability on Dana Regules' $1 million guaranty.

**V.  NON-DISCOVERY MOTIONS TO THE COURT AND RESOLUTION**

On June 3, 2008, defendants' motion to withdraw reference to a bankruptcy judge was granted, because plaintiff's claim for fraudulent transfer gives defendants a right to a jury trial.

On November 5, 2008, the court granted defendants' counsel's request to withdraw.

**VI.  DISPUTED EVIDENTIARY ISSUES**

None.

**VII.  SPECIAL FACTUAL INFORMATION**

None.

**VIII.  RELIEF SOUGHT**

Plaintiff seeks a judgment for $131,509.05, plus interest. Defendants seeks judgment in their favor.

**IX.  POINTS OF LAW**

(a)  The elements, standards, and burdens of proof of a claim to avoid a transfer as an intentional fraudulent transfer under California Civil Code § 3439.04.

(b)  The elements, standards, and burdens of proof of a claim for a monetary judgment, with prejudgment interest, based on avoidance of a transfer.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

# X. ABANDONED ISSUES

Plaintiff had originally alleged ten claims. All but the Fifth and Tenth claims, for avoidance of intentional fraudulent transfer and for entitlement to monetary judgment with prejudgment interest, respectively, are abandoned.

# XI. WITNESSES

Plaintiff anticipates calling the following witnesses:

See attachment "A".

Defendant anticipates calling the following witnesses:

See attachment "B".

Each party may call a witness designated by the other.

A.  No other witnesses will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2) The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

B.  Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify. The evidence will not be permitted unless:

(1) The witnesses could not reasonably have been discovered prior to Pretrial;

7

    (2) The court and opposing counsel were promptly notified upon discovery of the witnesses;

    (3) If time permitted, counsel proffered the witnesses for deposition;

    (4) If time did not permit, a reasonable summary of the witnesses' testimony was provided opposing counsel.

### XII. **EXHIBITS, SCHEDULES AND SUMMARIES**

  At present, plaintiff contemplates the following by way of exhibits: <u>See</u> attachment "C".

  At present, defendants contemplate the following by way of exhibits: <u>See</u> attachment "D".

  A. No other exhibits will be permitted to be introduced unless:

    (1) The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

    (2) The exhibit was discovered after the Pretrial Conference and the proffering party makes the showing required in paragraph "B," below.

  B. Upon the post-Pretrial discovery of exhibits, the attorneys shall promptly inform the court and opposing counsel of the existence of such exhibits so that the court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

(1)   The exhibits could not reasonably have been
discovered prior to Pretrial;
             (2)   The court and counsel were promptly informed of
their existence;
             (3)   Counsel forwarded a copy of the exhibit(s) (if
physically possible) to opposing counsel.  If the exhibit(s) may
not be copied, the proffering counsel must show that he has made
the exhibit(s) reasonably available for inspection by opposing
counsel.

     As to each exhibit, each party is ordered to exchange
copies of the exhibit not later than fifteen (15) days from the
date of this Pretrial Order.  Each party is then granted ten
(10) days to file with the court and serve on opposing counsel
any objections to said exhibits.  In making said objections, the
party is to set forth the grounds for the objection.  As to each
exhibit which is not objected to, it shall be marked and
received into evidence and will require no further foundation.
Each exhibit which is objected to will be marked for
identification only.

     In addition to electronically filing said objections, if
any, the objections must be submitted by email, as an attachment
in Word or WordPerfect format, to: arivas@caed.uscourts.gov.

     The attorney for each party is directed to appear before
and present an original and one (1) copy of said exhibit to Ana
Rivas, Deputy Courtroom Clerk, not later than 10:30 a.m. on the

date set for trial.  All exhibits shall be submitted to the
court in binders.  Plaintiff's exhibits shall be listed

numerically.  Defendant's exhibits shall be listed
alphabetically.  The parties shall use the standard exhibit
stickers provided by the court:  pink for plaintiff and blue for
defendant.

### XIII.  DISCOVERY DOCUMENTS

Plaintiff does not anticipate offering any discovery documents in its case-in-chief.

Defendants do not anticipate offering any discovery documents in their case-in-chief.

### XIV.  FURTHER DISCOVERY OR MOTIONS

None.

### XV.  STIPULATIONS

None.

### XVI.  AMENDMENTS/DISMISSALS

None.

### XVII.  FURTHER TRIAL PREPARATION

A.   Counsel are directed to Local Rule 16-285 regarding the contents of and the time for filing trial briefs.

B.   Counsel are informed that the court has prepared a set of standard jury instructions.  In general, they cover all aspects of the trial except those relating to the specific claims of the complaint.  Accordingly, counsel need not prepare instructions concerning matters within the scope of the prepared

instructions.  A copy of the prepared instructions is given to the parties at the Pretrial Conference.

B.   For all cases tried to the court, counsel are ordered to file and serve Proposed Findings of Fact and Conclusions of Law not later than ten (10) days prior to the first date of trial.

C.   Counsel are further directed that their specific jury instructions shall be filed fourteen (14) calendar days prior to the date of trial.  As to any instructions counsel desires to offer, they shall be prepared in accordance with Local Rule 51-163(b)(1) which provides:

> "Two copies of the instructions shall be submitted. One copy shall be electronically filed as a .pdf document and shall contain each instruction on a separate page, numbered and identified as to the party presenting it. Each instruction shall cite the decision, statute, ordinance, regulation or other authority supporting the proposition stated in the instruction."

The second copy ("jury copy") shall be submitted by e-mail to lkkorders@caed.uscourts.gov.

**In addition, counsel shall provide copies of proposed forms of verdict, including special verdict forms, at the time the proposed jury instructions are filed with the court.**

D.   It is the duty of counsel to ensure that any deposition which is to be used at trial has been filed with the

Clerk of the Court. Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the deposition or imposition of such other sanctions as the court deems appropriate.

   E.  The parties are ordered to file with the court and exchange between themselves not later than one (1) week before the trial a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

   F.  The parties are ordered to file with the court and exchange between themselves not later than one (1) week before trial the portions of answers to interrogatories which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

   G.  The court has extensive audiovisual equipment available. Any counsel contemplating its use shall contact the court's Telecommunications Manager, Andre Carrier, at (916) 930-4223, at least two weeks in advance of trial to receive the appropriate training.

## XVIII.  **SETTLEMENT NEGOTIATIONS**

A Settlement Conference is **SET** before the Honorable Morrison C. England, Jr. United States District Judge, on March 6, 2009 at 9:00 a.m. Counsel are directed to submit settlement conference statements to the settlement judge **not later than fourteen (14) days prior to the conference.** At counsel's

option, such statements may be submitted in confidence pursuant to Local Rule 16-270(d).

Each party is directed to have a principal capable of disposition at the Settlement Conference or to be fully authorized to settle the matter on any terms and at the Settlement Conference.

### XIX. AGREED STATEMENTS

None.

### XX. SEPARATE TRIAL OF ISSUES

None.

### XXI. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

### XXII. ATTORNEYS' FEES

None.

### XXIII. MISCELLANEOUS

None.

### XXIV. ESTIMATE OF TRIAL TIME/TRIAL DATE

Trial by jury is **SET** for April 14, 2009, at 10:30 a.m., in Courtroom No. 4. The parties represent in good faith that the trial will take approximately five (5) days.

Counsel are to call Ana Rivas, Courtroom Deputy, at (916) 930-4133, one week prior to trial to ascertain status of trial date.

### XXV. MODIFICATIONS TO PRETRIAL ORDER

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(e), this order shall control the

subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

DATED: April 3, 2009.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

1   Plaintiff's Witnesses.
2
3   Prem Dhawan
    P.O. Box 965
4   Benecia, CA 94510
5   Miguel Regules
    1055 Johnson St.
6   Monterey, CA
7   Martha Elvia Regules
    1055 Johnson St.
8   Monterey, CA
9   Dana Regules
    7207 West Lane
10  Granite Bay, CA 95746
11  Christopher Regules
    7207 West Lane
12  Granite Bay, CA 95746
13  W. Austin Cooper
    2151 River Plaza Dr., Ste. 195
14  Sacramento, CA 95833
15  C. Duff or other representative of the IRS
    address unknown
16
    Representative of CIT Small Business Lending Corp.
17  address unknown
18  Julie Richards
    address unknown
19
20
21
22
23
24
25
26
27
28

*ATTACHMENT "A"*

9

Defendants Witnesses:

Prem Dhawan
P. O. Box 965
Benecia, CA 94510

Miguel Regules
1055 Johnson St.
Monterey, CA 93940

Martha Elvia Regules
1055 Johnson St.
Monterey, CA 93940

Dana Regules
7207 West Lane
Granite Bay, CA 95746

Christopher Regules
7207 West Lane
Granite Bay, CA 95746

W. Austin Cooper
2151 River Plaza Dr., Suite 195
Sacramento, CA 95833

C. Duff or other representative of the IRS (address unknown)

Representative of CIT Small Business Lending Corp. (address unknown)

Julie Richards (address unknown)

ATTACHMENT "B"

**Plaintiff's Exhibits – Schedules and Summaries.**

1. Check for $131,509.05, payable to Dana Regules (April 15, 2004)
2. Deposit Receipt for $131,509.05 check (April 21, 2004)
3. Passbook for Account No. 72010192 (April 21, 2004)
4. Account statements for Account No. 72010192 (April 20, 2004-January 26, 2005)
5. IRS liens against Christopher Regules (sometimes also against Dana Regules) recorded in Sacramento County
6. IRS liens against Christopher Regules (sometimes also against Dana Regules) recorded in Placer County
7. State of California liens against Christopher Regules (sometimes also against Dana Regules) recorded in Sacramento County
8. Notice of Default and Election to Sell under Deed of Trust, recorded March 11, 2004
9. Rescission of Notice of Default, recorded March 22, 2004
10. Seller's closing statement (estimated) for 790 El Encino Way, Sacramento, CA
11. Grant deed for 790 El Encino Way, Sacramento, CA, Christopher and Dana Regules to Miguel Regules (recorded May 5, 2004)
12. Grant Deed for purchase of 7207 West Lane, Granite Bay, CA by Miguel and Martha Regules (recorded November 24, 2004)
13. Closing Statement for purchase of 7207 West Lane, Granite Bay, CA by Miguel and Martha Regules
14. First Deed of Trust against 7207 West Lane, Granite Bay, CA by Miguel and Martha Regules
15. Second Deed of Trust against 7207 West Lane, Granite Bay, CA by Miguel and Martha Regules
16. Bankruptcy petition (Case No. 05-39657-C-7)(filed October 14, 2005)
17. Bankruptcy Schedules (Case No. 05-39657-C-7) (filed October 31, 2005)
18. Guaranty of Dana Regules of the obligations of MPSI to CIT

19. CIT proof of claim ($535,125.22)
20. IRS proof of claim ($203,872.17)
21. Letter from Christopher Regules, dated December 5, 2005
22. Checking account statements, Christopher and Dana Regules (May 18-June 16, 2005; July 20-August 16, 2005; August 17-September 19, 2005; October 20, 2005-November 17, 2005).
23. Checking account statement, Regules Chiropractic (April-October 2005).
24. 2004 tax return (Christopher and Dana Regules)
25. 2004 tax return (Regules Enterprises)

Defendants' Exhibits

1. Check for $131,509.05, payable to Dana Regules (April 15, 2004)

2. Deposit receipt for $131,509.05 check (April 21, 2004)

3. Passbook for Account No. 72010192 (April 21, 2004)

4. Account statements for Account No. 72010192 (April 20, 2004-January 26, 2005)

5. Beneficiary card for Account No. 72010192

6. Account checks for Account No. 72010192

7. Debtor's account of inheritance monies used for "living expenses"

8. Seller's closing statement (estimated) for 790 El Encino Way, Sacramento, CA

9. Grant deed for 790 El Encino Way, Sacramento, CA, Christopher and Dana Regules to Miguel Regules (recorded May 5, 2004)

10. Grant Deed for purchase of 7201 West Lane, Granite Bay, CA by Miguel and Martha Regules (recorded November 24, 2004)

11. Closing Statement for purchase of 7207 West Lane, Granite Bay, CA by Miguel and Martha Regules

12. First Deed of Trust against 7207 West Lane, Granite Bay, CA by Miguel and Martha Regules

13. Second Deed of Trust for 7207 West Lane, Granite Bay, CA by Miguel and Martha Regules

14. Contract of Sale for 7207 West Lane, Granite Bay, CA by Miguel and Martha Regules and Dana Regules

15. Bankruptcy petition (Case No. 05-39657-C-7) (filed October 14, 2005)

16. Bankruptcy Schedules (Case No. 05-396 51-C-7) (filed October 31, 2005)

17. Letter from Christopher Regules regarding bankruptcy

18. Christopher and Dana Regules copies of direct first and second Mortgage Payments

19. Letter from Austin Cooper on behalf of Miguel Regules to Christopher Regules and Dana Regules surrender 7207 West Lane, Granite Bay home to the plaintiff's attorney

20. Default Notices on properties

21. Depositions from Christopher and Dana Regules